# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Favor Company | )    ASBCA No. 58843 |
| | ) |
| Under Contract No. 000000-00-0-0000 | ) |

APPEARANCE FOR THE APPELLANT:      Mr. Majid Hamid
President

APPEARANCES FOR THE GOVERNMENT:      Raymond M. Saunders, Esq.
Army Chief Trial Attorney
MAJ Nancy J. Lewis, JA
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE DICKINSON ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Appellant Favor Company (Favor) filed a notice of appeal (NOA) with the Board to which was attached a document identified by Favor as a contract. The government filed a motion to dismiss for lack of jurisdiction. The purported contract (SOF ¶ 1) does not contain a disputes clause. It has not been alleged that we have jurisdiction over the alleged contract under anything other than the Contract Disputes Act (CDA). We grant the motion.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. The record contains a Memorandum for Record dated 16 June 2007 which contains the following information:

> SUBJECT: Contract for the delivery of Rice, Flour and Cooking Oil
>
> 1.1 Project Name: Rice, Flour and Cooking Oil for Humanitarian Assistance
>
> 1.2 Coalition Organization Requesting Contract:
>
> > CPT David Cartwright Jr.
> > 3rd BCT, Project Purchasing Officer
> > FOB Warhorse, Iraq...

1.3 Contractor Info:

...Favor Company...

1.4 Content of Proposal: The Contractor will deliver Rice, Flour and Cooking [Oil] as outlined in the scope of work to FOB Warhorse.

1.5 Schedule of Work: The Contractor will deliver all of the Rice, Flour and Cooking Oil in one shipment. **All Rice, Flour and Cooking Oil will be delivered to FOB Warhorse, Iraq**.... The Contractor will discuss any need to deviate from the scope of work with the Project Coordination Cell before doing so. The Projects Coordination Cell is the only agency with the authority to permit the Contractor to deviate from the scope of work and the only agency that can issue orders to the Contractor....

1.6 Cost of Work: $15,000.00. The Contractor is expected to purchase his materials at the price that he included in the Scope of Work. Any deviation from the agreed purchases or increase in cost of materials will be at the expense of the Contractor.

1.7 Purchase Request and Commitment Number: CP3CAV71413546 BN BULK

1.8 Performance Time: The Contractor has 15 days to complete the project. The Contractor will notify the Coalition Project Manager if he thinks that he will go past schedule....

....

1.10 Payment: The Contractor will be paid 100% of payment upon delivery of the goods.

(R4, tab 3) The document was signed by Coalition Project Manager/Project Purchasing Officer CPT David Cartwright Jr., Assistant Coalition Project Manager/Paying Agent CPT Joseph C. Catamisan, and Shawqi Ali on behalf of Favor (*id.*). It is this document that appellant contends is a contract over which this Board may exercise jurisdiction.

2

2. The government paid for supplies delivered under CP3CAV71413546 in full by voucher No. 207399 dated 3 August 2007 (R4, tab 6, Raymond decl. ¶ 4).

3. The record shows that the first contact by Favor seeking the alleged payment now at issue (*see* SOF ¶ 4) was on 10 April 2013 (R4, tab 7, Wysoske decl. ¶ 2). The record contains the declaration of Joan Wysoske, Contracting Officer (CO) and Chief of the Reachback Closeouts Office for the U.S. Army, that stated:

> 4.     The appellant's Agreement is not a standard contract. The Agreement appears to be a Commanders' Emergency Response Program ("CERP") agreement based upon the PR&C numbering system, type of services purchased, and general document format....
>
> ....
>
> 6.     [T]he appellant's Agreement does not exist in the government contract retrieval and archival systems.
>
> ....
>
> 8.     To date, the appellant has not submitted a contract that is signed by a contracting officer. Also, to date, the appellant has not submitted an agreement with a contract number.
>
> 9.     Donna Raymond of ARCENT did inform the contractor that the agreements that he provided had been paid. The contractor also repeatedly asked Donna Raymond and ARCENT to provide a copy of the voucher or payment documents. To date, the appellant, in support of his payment request, has only submitted documents of a service that has already been paid.
>
> 10.    Furthermore, to date, the appellant has not submitted [a] valid claim or any other claim documentation to ACC-RI as required by the Contract Disputes Act, 41 U.S.C. § 7103 and FAR 52.233-1 DISPUTES (JUL 2002). Accordingly, neither me [sic] nor my office has issued a contracting officer's final decision[.]

(R4, tab 7)

3

4. On 21 August 2013 Favor emailed a NOA to the Board. The appeal was docketed as ASBCA No. 58843. Favor agrees that it was paid in full under CP3CAV71413546, but alleges that it has never been paid under CP3CAV71413546 BN BULK (Bd. corr. ltr. dtd. 1 November 2013). We find nothing in the record to indicate that CP3CAV71413546 and CP3CAV71413546 BN BULK are different agreements and we find that they are one and the same.

5. On 23 August 2013 the Board *sua sponte* directed Favor to submit proof of the existence of a claim in accordance with the CDA, 41 U.S.C. §§ 7101-7109, no later than 13 September 2013. On 2 September 2013 Favor responded:

> I would like to tell you that my regarding issue for my contract payment, I was sent an email to Donna M Raymond and I asked her about my contract payment and on date 10 May 2013 her replied was (This has been paid in full, but we will have our legal dept review and verify. This may take up to 60 days.) After that I told her that I need the voucher for this contract's payment but no reply from her. On date 24 Jun 2013 she told me that (We will prepare a package and send it to our legal department to respond to you.) But when I have sent her many of an email to her I received an email from her on date 31 Jun 2013 and she told me that (We are unable to send this to legal without the proper backup information.)
>
> Please I make a solution regarding my payment issue as soon as possible.
>
> Please I will be waiting your reply.

Favor has never produced evidence of a claim under the CDA.

## DECISION

The government's motion to dismiss for lack of jurisdiction argues that the appeal suffers two jurisdictional defects: (1) that the appeal arises under a CERP agreement to provide humanitarian aid for the benefit of the Iraqi people and does not arise under a procurement contract for goods and services for the U.S. Government; and, (2) that there is no evidence in the record of a claim submitted by Favor to a CO for a final decision under the CDA.

4

It is well established that the linchpin of our jurisdiction under the CDA is a proper claim submitted to a CO for decision. 41 U.S.C. § 605[1]; *Zara Co.*, ASBCA No. 58632, 14-1 BCA ¶ 35,588; *The Boeing Co.*, ASBCA No. 57490, 12-1 BCA ¶ 34,916 at 171,676. Because it is a jurisdictional prerequisite, compliance with 41 U.S.C. § 605 is mandatory and strictly enforced. *Sharman Co. v. United States*, 2 F.3d 1564, 1568-69 (Fed. Cir. 1993). Despite multiple requests from the government and the Board, appellant has not produced either a copy or any other evidence of a proper CDA claim submitted to a CO for decision. We are, therefore, without jurisdiction to consider the present appeal under the CDA and need not address the government's second alleged basis for lack of jurisdiction.

CONCLUSION

The government's motion to dismiss for lack of jurisdiction is granted.

Dated: 16 October 2014

DIANA S. DICKINSON
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

---

[1] Effective 4 January 2011, 41 U.S.C. § 605 was re-codified as 41 U.S.C. § 7103, with no substantive change. Because the relevant facts at issue in this appeal occurred prior to 2011, we refer to the section number prior to the re-codification.

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58843, Appeal of Favor Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
